**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Angelo Augustine, | : |
| Plaintiff, | : Civil Action No.: 7:12-CV-209 |
| | : (DNH/ATB) |
| v. | : |
| | : |
| MIG Capital Management, Inc.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Angelo Augustine, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Angelo Augustine ("Plaintiff"), is an adult individual residing in Watertown, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant MIG Capital Management, Inc. ("MIG"), is a Florida business entity

with an address of 5811 Memorial Hwy 208, Tampa, Florida 33615, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

     6.     Does 1-10 (the "Collectors") are individual collectors employed by MIG and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

     7.     MIG at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

     8.     A financial obligation in the approximate amount of $2,583.00 (the "Debt") was

incurred to HSBC (the "Creditor").

     9.     The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

     10.     The Debt was purchased, assigned or transferred to MIG for collection, or MIG

was employed by the Creditor to collect the Debt.

     11.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

**B.  MIG Engages in Harassment and Abusive Tactics**

     12.     On or around December 30, 2011, Plaintiff received an automated call from MIG

instructing him to contact MIG concerning the Debt, which is past Statute of Limitations.

     13.     Plaintiff returned MIG's call and was informed that MIG "had been retained" in

an attempt to collect the Debt from Plaintiff, which led Plaintiff to believe that MIG was a law

2

firm and that a lawsuit might be commenced against him.

14.     Plaintiff verbally disputed the ownership of the Debt and requested that MIG provide him with a letter stating the amount of the Debt.

15.     MIG failed to do so.

16.     On or around January 10, 2012, Plaintiff received another automated call from MIG.

17.     MIG failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

**C.  Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants

misrepresented the character, amount and legal status of the Debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

34.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

35.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

36.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named the Defendants, jointly and severally, awarding the Plaintiff

5

actual damages, trebled, pursuant to NY GBL § 349;

    4.  Against the named the Defendants, jointly and severally, awarding the Plaintiff

recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

    5.  Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

    6.  Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 31, 2012

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff