UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angelo Augustine, | Civil Action No.: 12-cv-00209(DNH)(ATB) |
| Plaintiff, | |
| v. | |
| MIG Capital Management, Inc.; and DOES 1-10, inclusive, | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendants. | |

For this his First Amended Complaint, the Plaintiff, Angelo Augustine, by undersigned counsel, states as follows:

## JURISDICTION

1.   This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.   The Plaintiff, Angelo Augustine ("Plaintiff"), is an adult individual residing in Watertown, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant MIG Capital Management, Inc. ("MIG"), is a Florida business entity with an address of 5811 Memorial Hwy 208, Tampa, Florida 33615, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by MIG and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. MIG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff incurred a financial obligation (the "Debt") to HSBC (the "Creditor"), account number 5488975000878267.

9. Plaintiff feel into arrears on the account due to medical issues and ailments.

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was charged off in November, 2005.

12. The statute of limitations to initiate an action on the debt had expired by December, 2011.

13. The Debt was purchased, assigned or transferred to MIG for collection, or MIG was employed by the Creditor to collect the Debt.

14. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. MIG Engages in Harassment and Abusive Tactics

15. On December 30, 2011, Plaintiff received an automated call from MIG on his home phone.

16. The call consisted of an automated message that instructed the Plaintiff to call back on a specified toll free number about an important matter.

17. The automated message did not disclose that the call was from MIG.

18. The automated message did not disclose that the call was from a debt collector.

19. Plaintiff did not call back the toll free number but instead called the number that appeared on his caller identification screen.

20. Plaintiff then spoke with an MIG employee and debt collector.

21. The debt collector told the Plaintiff he had an "HSBC debt" that "needs to be taken care of." The debt collector did not inform the Plaintiff that the Debt was past the statute of limitations.

22. The debt collector did not provide the Plaintiff the mini-miranda disclosures that it was a debt collector and any information obtained would be used for that purpose.

23. At that time Plaintiff was unclear what debt MIG was actually attempting to collect and therefore, based on the slim information provided by MIG, disputed that it was owed.

24. The Plaintiff requested that the debt collector send him a written confirmation of the debt and identity of the creditor.

25. Despite Plaintiff's request and the requirements of 15 U.S.C. § 1692g, no initial letter was sent to the Plaintiff within five days of the December 30th communication.

26. Thereafter, the Defendant continued to call the Plaintiff.

27. On January 10, 2012, the Plaintiff called the Defendant and again disputed the debt. He also requested for a second time some written correspondence concerning the debt.

28. Thereafter, by letter post marked January 16, 2012, MIG sent the Plaintiff written correspondence concerning the Debt (the "January 16th Letter").

29. The January 16th Letter did not contain any of the disclosures required by 15 U.S.C. § 1692g.

30. The January 16th Letter identified HSBC Card Services, Inc., as the "original creditor."

31. The January 16th Letter identified First Financial Investment Fund VI, LLC, as a "client" of MIG.

32. Nowhere did the January 16th Letter identify who the actual creditor to whom the Plaintiff was allegedly indebted.

## C. **Plaintiff Suffered Actual Damages**

33. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

34. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants failed to provide meaningful disclosure of its identity in each communication with the Plaintiff.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

39. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that MIG failed to

disclose in its initial communication that it was attempting to collect a debt and that any information obtained will be used for that purpose.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

42. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

43. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

44. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

45. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

46. The Plaintiff is entitled to damages as a result of Defendants' violations.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF NEW YORK GBL § 349**</u>
<u>**ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS**</u>

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

48. The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

49. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

50. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

51. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

    6.   Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 26, 2012

                          Respectfully submitted,
                          By /s/ Sergei Lemberg
                          Sergei Lemberg (SL 6331)
                          LEMBERG & ASSOCIATES L.L.C.
                          1100 Summer Street, 3rd Floor
                          Stamford, CT 06905
                          Telephone: (203) 653-2250
                          Facsimile:  (203) 653-3424
                          Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I hereby certify that on this the 26th day of April, 2012, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF filing system. I further certify that a copy of the foregoing was sent by electronic mail to representatives of the Defendant on this the 26th day of April, 2012.

                                       /s/ Sergei Lemberg
                                       Sergei Lemberg